UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARTHUR MOORE, substituted for Sandra Moore, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-60-M |
| CAROLYN W. COLVIN, acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Arthur Moore, as surviving spouse of Sandra K. Moore, appeals the Commissioner's denial of Mrs. Moore's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the record,[1] the transcript of the administrative hearing, the decision of the administrative law judge ("ALJ"), and the pleadings and briefs of the parties, the undersigned recommends that the decision of the Commissioner be REVERSED and REMANDED for further proceedings consistent with this Report and Recommendation.

PROCEDURAL HISTORY

Sandra Moore, referred to herein as "Claimant," protectively filed an application for

---

[1] References to the administrative record, Doc. No. 9, are as "R. ___."

"SSI" on May 6, 2009, alleging a disability onset date of January 1, 2004. R. 104, 912, 918. Claimant's application was administratively denied, initially and upon reconsideration. R. 68, 73. At Claimant's request, a hearing before an ALJ was held on September 10, 2010. R. 907-14. At that hearing, Claimant requested a continuance pending review of additional medical records. R. 914. A second hearing was held on December 20, 2010. R. 915-43. The ALJ issued an unfavorable decision on February 4, 2011. R. 23-35. Claimant requested review by the SSA Appeals Council, but while that request was pending Claimant died. R. 12, 906. Thereafter, the Appeals Council denied review, making the decision of the ALJ the final decision of the Commissioner. R. 9-12; *see* 20 C.F.R. § 416.1481.

THE ADMINISTRATIVE DECISION

The ALJ followed the SSA's five-step sequential evaluation process to determine whether Claimant was disabled and therefore entitled to SSI. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since on or before Claimant's amended alleged disability onset date. R. 25. At step two, the ALJ found that Claimant has the following severe impairments: diabetes mellitus, obesity, and discogenic and degenerative back disorders. R. 25. At step three, the ALJ determined that Claimant's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. R. 25-26.

The ALJ assessed Claimant's residual functional capacity ("RFC") based on all of her impairments. R. 26-34. The ALJ found that Claimant had the RFC "to perform sedentary work except the claimant can [only] occasionally climb, balance, stoop, kneel,

2

crouch, and crawl; can walk [only] 4 hours in an 8-hour workday; and sit [only] 4 hours in an 8-hour workday." R. 34.[2] In light of this finding and the testimony of a vocational expert ("VE"), the ALJ determined that Claimant could perform her past relevant work. R. 34.

At step five, the ALJ – applying the Medical-Vocational Guidelines[3] as a framework and relying on the testimony of the VE – determined that, in view of Claimant's age, education, work experience, and RFC, Claimant could perform the sedentary, unskilled occupations of information clerk, food and beverage clerk, and charge account clerk. R. 34-35. All of these occupations offer jobs in significant numbers in the Oklahoma and national economies. R. 35. Therefore, the ALJ concluded that Claimant had not been disabled within the meaning of the Act during the relevant time period. R. 35.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760

---

[2] In the section heading concerning RFC, the ALJ listed only part of the limitations she stated in the text. *Compare* R. 26, *with* R. 34. Plaintiff argues this means the ALJ found two, inconsistent RFCs, but the substance of the ALJ's discussion, and the hypothetical question that the ALJ posed to the vocational expert, are sufficiently clear to show what the ALJ meant. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156 (10th Cir. 2012) (stating "common sense," not "technical perfection," should be the guide in reviewing an ALJ's decision).

[3] *See* 20 C.F.R. pt. 404, subpt. P, App. 2.

3

(10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

SSA regulations distinguish among various types of "acceptable medical sources." *See* 20 C.F.R. §§ 416.902, .913(a). Generally, the highest weight is given to the opinion of a "treating source," which includes a physician or psychologist who has "provided [the claimant] with medical treatment or evaluation" during a current or past "ongoing treatment relationship" with the claimant. *See id.* §§ 416.902, .927(c). First, the opinion of a "nontreating source" – which includes a physician or psychologist who has examined the claimant, but does not have a current or past "ongoing treatment relationship" with the claimant – is not given as much weight as that of a treating source, but still must be considered. *See id.* §§ 416.902, .927. Second, the opinion of a "nonexamining source" – which includes a physician or psychologist who has not examined the claimant but provides

4

a medical opinion, typically upon review of medical records at the request of the Commissioner – is likewise not given as much weight as that of a treating source, but still must be considered. *See id.* §§ 416.902, .927.

When considering the opinion of a claimant's treating physician, the ALJ must first determine whether the opinion should be assigned "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); 20 C.F.R. § 416.927(c)(2). The opinion of a treating physician is generally entitled to controlling weight if it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) not inconsistent with other substantial evidence in the record. *Watkins*, 350 F.3d at 1300 (applying Social Security Ruling 96-2p, 1996 WL 374188, at *2 (July 2, 1996)); 20 C.F.R. § 416.927(c)(2).

If a treating physician's medical opinion is not entitled to controlling weight, the following factors must be considered in determining the amount of lesser weight to assign:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1300-01; *see also* 20 C.F.R. § 416.927(c)(2)-(6). Although an explicit discussion of each factor is not required, the record must reflect the ALJ's consideration of each factor. *Andersen v. Astrue*, 319 F. App'x 712, 722 (10th Cir. 2009) (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007)). "[T]he ALJ must give good reasons in [the]

notice of determination or decision for the weight he [or she] ultimately assigns the opinion." *Watkins*, 350 F.3d at 1301 (internal quotation marks omitted and first alteration in original). In any event, the ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).

As with treating sources, the ALJ is required to evaluate medical opinion evidence from a nontreating source. *See* 20 C.F.R. § 416.927(b), (c); SSR 96-5p, 1996 WL 374183 (July 2, 1996). In so doing, the ALJ should consider the factors set forth in 20 C.F.R. § 416.927(c)(1)-(6). If the ALJ rejects a treating or nontreating source's medical opinion entirely, the ALJ must "provide specific, legitimate reasons" for such rejection. *Watkins*, 350 F.3d at 1301; *Doyal*, 331 F.3d at 764.

Here, despite an otherwise thorough opinion, the ALJ erred in her analysis of the medical opinion evidence. The ALJ rejected the opinion of Claimant's treating physician, James Brown, M.D., while assigning "great weight" to the opinions of two state agency physicians, Carmen Bird, M.D., and Judy Marks-Snelling, D.O. *See* R. 33-34. The ALJ, however, did not adequately explain the reasons for rejecting Dr. Brown's opinion. Moreover, as detailed below, the ALJ imposed a functional limitation different than that found by Drs. Bird and Marks-Snelling, without explanation and without apparent support from other evidence.

Dr. Brown, in a "Physical Residual Functional Capacity Assessment" dated March 23, 2010, opined that Claimant, as a result of her physical impairments, could: sit, stand,

6

and walk no more than 10 to 30 minutes each per day; occasionally lift or carry 5 pounds and infrequently lift or carry 10 pounds; and infrequently bend and reach, but never squat, crawl, or climb. R. 350-52. He further opined, in another assessment, that Claimant's impairments would cause her to miss two or more days of work each month. R. 354. As analysis of this opinion, the ALJ described Dr. Brown's records and diagnoses in thorough detail, then stated: "The Administrative Law Judge rejects the opinions that the claimant is able to perform less than sedentary work as this opinion is not consistent with the medical documentation in its entirety or her activities of daily living." R. 33.

Consistent with the discussion above, the ALJ was required upon rejecting Dr. Brown's opinion to explain the reasons she had found it to *not* be well supported by medically acceptable clinical and laboratory diagnostic techniques or consistent with the other substantial evidence in the record. Further, the ALJ was required to consider the six factors set forth in 20 C.F.R. § 404.1527(c) in determining the specific lesser weight to assign to Dr. Brown's opinion. *See Watkins*, 350 F.3d at 1300-01. Here, while the ALJ adequately described Dr. Brown's opinion and the other medical evidence, the ALJ did not cite to particular reasons or evidence supporting the conclusion that Dr. Brown's opinion was inconsistent with objective findings or other substantial evidence in the record. Further, the ALJ did not directly or implicitly consider the 20 C.F.R. § 416.927(c)(2)-(6) factors. Some degree of additional reasoning, or reference to specific exhibits and examples, is needed to make clear to subsequent reviewers, such as the undersigned, the reasons for assigning *no* weight to Dr. Brown's opinion. *See Watkins*, 350 F.3d at 1300.

7

Further, the ALJ's RFC determination varies in an important way from the opinions of Drs. Bird and Marks-Snelling, which she relied on in rejecting the opinion of Dr. Brown. Dr. Bird, upon review of Claimant's medical records, determined that Claimant could: stand/walk a "maximum" of two hours in an eight-hour workday, sit six to eight hours in an eight-hour workday, occasionally lift or carry 10 pounds, and occasionally climb, balance, stoop, kneel, crouch, and crawl. R. 49-50. Dr. Marks-Snelling, also upon review of Claimant's medical records, reached the same conclusions. The ALJ assigned these opinions "great weight" and expressly relied on them, over the opinion of Dr. Brown, in determining Claimant's RFC. R. 33-34.

The ALJ, however, determined that Claimant could: stand/walk a "maximum" of *four* hours in an eight-hour workday, sit *four* hours in an eight-hour workday, occasionally lift or carry 10 pounds, and occasionally climb, balance, stoop, kneel, crouch, and crawl. R. 34, 939. Thus, the ALJ's RFC determination varies from the medical opinions of Drs. Bird and Marks-Snelling in two ways. First, the ALJ assessed a more-restrictive sitting requirement than had Drs. Bird and Marks-Snelling, finding that Claimant can sit for only four hours per day rather than the six to eight hours found by the physicians. Although the ALJ did not explain the reason for this discrepancy, any error would be harmless because the result was a greater restriction—i.e., the error was in Claimant's favor.

Second, and more importantly, the ALJ determined a less-restrictive walking/standing requirement than had Drs. Bird and Marks-Snelling, finding that Claimant can walk or stand for as much as four hours per day rather than the "maximum"

of two hours found by the physicians. R. 34, 939. Here, the error was not harmless. The ALJ does not "provide specific, legitimate reasons" for rejecting the two-hour walking/standing requirement. *See Watkins*, 350 F.3d at 1301. Nor does the remainder of the ALJ's decision, or the undersigned's review of the record, provide a basis to hold that the ALJ's finding of a four-hour walking/standing requirement is supported by substantial evidence. The only other medical opinion evidence touching on this point is that of Dr. Brown, who stated that Claimant should walk or stand no more than 30 minutes per eight-hour workday. R. 350.

Upon careful examination of the ALJ's decision, the record as a whole, and the arguments presented, the undersigned concludes that the ALJ's RFC determination is not grounded on correct legal standards or supported by substantial evidence. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Because the VE's testimony regarding the existence of other jobs in the national economy was premised on a hypothetical question outlining the precise RFC determination adopted by the ALJ, this matter must be reversed and remanded for further consideration.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge recommends that the decision of the Commissioner be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and

Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by March 28, 2014. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 14th day of March, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE